972 F.2d 343
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Frank NORFLEET, Defendant-Appellant.
 No. 91-5293.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 30, 1991
Decided: July 29, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CR-90-104-R)
 Robert P. Geary, Richmond, Virginia, for Appellant.
 Kenneth E. Melson, United States Attorney, Howard C. Vick, Jr., Assistant United States Attorney, Esther Windmueller, Third Year Law Intern, Richmond, Virginia, for Appellee.
 E.D.Va.
 Affirmed.
 Before WIDENER, WILKINSON, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 William Frank Norfleet appeals from the district court's judgment of conviction after his plea of guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (1988), arguing that the search which revealed the cocaine was illegal. We affirm.
 
 I.
 
 2
 Norfleet was approached by Detective Richardson, a member of the DEA task force, as he entered the Richmond, Virginia, Greyhound bus terminal upon his arrival from New York City. Richardson asked to speak with Norfleet and identified himself as a police officer. Norfleet consented to the conversation. Norfleet then handed over his bus ticket at Richardson's request and told Richardson that he was coming from New York City, but was unable to say where he was going. Richardson explained that he was engaged in a drug interdiction effort and asked if Norfleet was carrying drugs; Norfleet said he was not. Richardson then asked if he could search Norfleet's bag; Norfleet consented by saying "yes."
 
 
 3
 Immediately thereafter, however, Norfleet turned away while beginning to remove the bag from his shoulder and said in a loud voice, "Why are you f---ing with me?" Richardson asked Norfleet to contain himself; when Norfleet's outbursts continued, Richardson arrested him for disorderly conduct. Because Norfleet struggled with Richardson and an assisting officer while being handcuffed, he was also charged with resisting arrest. The subsequent search of the bag revealed a large quantity of cocaine and other drug paraphernalia. A federal indictment followed. Norfleet's Motion to Suppress Evidence was denied after a suppression hearing. The district court found that Norfleet's vulgar speech did not revoke his earlier consent to the search and that in the alternative the search was lawful as incident to a valid non-pretextual arrest.
 
 II.
 
 4
 The district court's findings regarding Norfleet's consent to the search of his bag must be affirmed on appeal unless clearly erroneous. United States v. Gordon, 895 F.2d 932, 938 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3247 (1990); United States v. Wilson, 895 F.2d 168, 172 (4th Cir. 1990).
 
 
 5
 In light of our decision in cases such as Gordon, the legality of Richardson's conduct in initiating a conversation with Norfleet in the bus terminal and obtaining his consent cannot seriously be questioned. Furthermore, Norfleet's angry words do not change the result in this case. He did not ask the officers to stop their search or otherwise attempt to leave. Rather, his comments reflected frustration at being pinpointed for a search. This case is thus distinguishable from cases such as United States v. Bily, 406 F. Supp. 726, 729 (E.D. Pa. 1975), where the suspect clearly asked the officers to stop their search of his belongings by saying "That's enough. I want you to stop now," or Mason v. Pulliam, 557 F.2d 426, 428-29 (5th Cir. 1977), where the suspect, through counsel, unequivocally demanded the return of papers initially taken with his consent. Given the nature of Norfleet's words and actions, the district court's finding that he did not revoke his consent was not clearly erroneous. Because Norfleet's consent validates the officers' conduct, we need not consider whether this search was incident to a valid arrest for disorderly conduct.
 
 
 6
 We therefore affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED